UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEFFERY LYNN CLEVELAND,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondent.

Case No. 3:26-cv-00893-MMD-CSD

SCREENING ORDER

## I. SUMMARY

*Pro se* Petitioner Jeffery Lynn Cleveland has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition"), 1-4 ("Motion for Counsel").) The Court finds that good cause exists to grant the IFP Motion. And, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and grants the Motion for Counsel.

## II. BACKGROUND[1]

Cleveland challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State of Nevada v. Jeffery Lynn Cleveland*, CR21-1856. On January 13, 2022, the state court entered a judgment of conviction, following a jury trial, convicting Cleveland of attempted sexual assault, battery which constitutes domestic violence, and possession of a dangerous weapon. Cleveland was sentenced to an aggregate term of 96-to-240 months in prison. Cleveland appealed,

---

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court (https://www.washoecourts.com/Query/DetailedCaseSearch) and the Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

and the Nevada Supreme Court affirmed on March 24, 2023. *Jeffery Lynn Cleveland v. State of Nevada*, No. 84225. Remittitur issued on April 18, 2023. Cleveland did not file a state habeas petition.

## III. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

It appears that Cleveland's Petition may be untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. For a Nevada prisoner pursuing a direct appeal, a conviction becomes final (and the AEDPA clock starts to run) when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is then tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, it appears that Cleveland's conviction became final on June 22, 2023. The AEDPA statute of limitations began to run the following day: June 23, 2023. Because Cleveland did not file a state habeas petition, the AEDPA statute of limitations expired 365 days later on June 23, 2024. Although Cleveland's Petition was not filed until 2 years and 2 months later, after the AEDPA limitation period expired, he raises colorable actual innocence[2] and equitable

[2]According to the Nevada Supreme Court, "the victim claimed to have no memory of the events, necessitating reference to her written statement to police given shortly after the altercation occurred." However, Cleveland includes a declaration of the victim in which

tolling[3] arguments in his Petition.

It also appears that Cleveland's Petition is unexhausted, at least in part. A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for *all* claims in his or her petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, the Court finds that the filing of an amended petition in this matter might render this issue moot.

Therefore, because (1) Cleveland has shown that cause exists to serve the Petition regardless of its untimeliness and (2) the unexhausted nature of the Petition may be remedied, the Court finds that a response is warranted, so it directs that the Petition be served on Respondent.

The Court now turns to Cleveland's Motion for Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v.*

---

she explains that (1) she suffered a stroke between the incident and the trial, which affected her memory, (2) she "can now testify not only that [she doesn't] remember the Defendant performing the actions, but that the actions never took place," and (3) her written statement was coerced by law enforcement. (ECF Nos. 1-2 at 10-11, 45-46.)

[3]Cleveland explains that the attorney he retained to file a state habeas petition abandoned him, causing him to miss the filing deadline. (ECF No. 1-1 at 12-13.)

*United States*, 623 F.2d 54, 61 (9th Cir. 1980). The Court provisionally appoints the Federal Public Defender to represent Cleveland. The Court finds that the appointment of counsel is in the interests of justice given the complexities of this case, namely Cleveland's colorable actual innocence argument.

## IV. CONCLUSION

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-4) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondent, (3) electronically provide Respondent's counsel a copy of this Order and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition, and (5) send a copy of this Order to Cleveland and the CJA Coordinator for this division.

It is further ordered that Respondent's counsel enter a notice of appearance within 7 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Cleveland by filing a notice of appearance or (2) indicate the office's inability to represent Cleveland in these proceedings. If the Federal Public Defender is unable to represent Cleveland, the Court will appoint alternate counsel. Appointed counsel will represent Cleveland in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Cleveland remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the

Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 20th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE